IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TOM HESS

         Plaintiff,        OPINION AND ORDER

 v.

                      15-cv-391-wmc

CAROLYN W. COLVIN,
Acting Commissioner Social Security Administration,

         Defendant.

   Pursuant to 42 U.S.C. § 405(g), plaintiff Tom Hess appeals from a Social Security Administration finding of no disability that became final on April 22, 2016. (AR 1-6.) The only issue on appeal is whether the ALJ erred in rejecting the opinion of Hess's treating physician. To the contrary, the ALJ gave good reasons for discounting the treating physician, including that the doctor had not seen Hess in 2 years *and* had not even treated his supposedly debilitating back pain when he saw Hess last in 2011. Nevertheless, supposedly relying on Hess's self-reports and an old MRI from 2009, which pre-dated his retirement from full-time employment by three years, the doctor filled out an RFC assessment form in December 2013 that purported to opine that plaintiff had been disabled by back pain. For the reasons explained below and discussed during the telephonic hearing held on the afternoon of December 20, 2016, with counsel for both sides, the court will summarily affirm the Commissioner's denial of plaintiff's application.

FACTS

**A. Background**

   Plaintiff Tom Hess was 62 years old when he applied for benefits and 64 at the time of his January 14, 2014 hearing before the ALJ. (AR 38.) At that time, he reported

1

symptoms associated with hypertension and arthritis in his lumbar spine at L4-5, including a burning sensation and an inability to sit, stand, or walk for any extended period. (AR 23, 41-2.) Hess graduated from college and has past work experience as a chief financial officer and a bank vice president. (AR 37-39.)

### B. Medical Treatment Records

Hess alleges a disability since Feb. 1, 2012, but there are very few medical records related to his back issues, either before or after that date. On September 23, 2011, Hess reported to his treating physician, Dr. James Dunn, that he had a history of treatment for lower back pain, which included nerve blocks, chiropractic care, massage, Celebrex, and anti-inflammatories. Dr. Dunn did not examine plaintiff's back and instead prescribed Chantix and Celebrex at Hess's request. (AR 261-63.) Less than three weeks later, on October 11, 2011, Dr. Dunn saw Hess for other issues, and Hess again reported having four years of back pain. Hess's prescription for Celebrex was discontinued at this time because of stomach pain. (AR 258-60.)

Plaintiff saw Dr. David Draeger for chiropractic treatment between January 2011 and September 2013 and his notes state that Hess regularly reported lower back pain, left-sided sciatic pain, and a burning sensation in his back to varying degrees. (AR 264-67, 286, 300-02.) On November 17, 2011, Hess stated that he had done much better after starting Celebrex. (AR 266.) Hess went duck hunting in October and November 2012 but it exacerbated his sciatic pain. (AR 300-02.) Hess had x-rays taken on April 16, 2012, which showed degenerative changes at L4-5 with normal alignment, well-preserved disk spaces, and no acute injury or fracture. (AR 274.)

2

On July 2 and September 10, 2013, Hess saw Dr. James Mullen, a physical rehabilitation physician, for low back pain. Dr. Mullen recommended stretching, ice, and taking ibuprofen for pain, and Hess refused additional medication. (AR 294-97.)

On December 30, 2013, Dr. Dunn completed a RFC assessment form without first examining Hess. Since he had not physically examined Hess for at least two year, Dunn wrote candidly that he based his newly prescribed limitations on Hess's self-reports and a 2009 MRI showing severe small joint arthritis and focal spinal and forward stenosis: lifting no more than 10 pounds; standing and walking less than two hours a day; sitting less than six hours a day; no pushing or pulling with any extremity; limited reaching; and no climbing, stooping, kneeling, crouching, or crawling. (AR 303-10.)

### C. Consultative Medical Opinions

On April 14, 2012, Dr. Neil Johnson examined Hess and diagnosed him with degenerative disk disease. Dr. Johnson's examination showed that Hess had a normal range of motion, the ability to walk, full motor strength and sensation, no spasms, and pain and tenderness in back. Hess reported significant burning pain in his back with no radiation and the ability to sit and stand for 30 minutes before experiencing a burning sensation in his back. (AR 268-70.)

On April 23, 2012, Dr. Pat Chan performed a record review and completed a physical RFC assessment form on Hess. Chan found that Hess was capable of unlimited light work. (AR 275-80.)

Finally, on December 11, 2012, Dr. Sid Foster performed a record review and RFC assessment on Hess. He also found Hess capable of light work limited by occasional stooping (or bending at the waist). (AR 65-7.)

**D. ALJ Decision**

The ALJ found that Hess had a severe back impairment. (AR 21.) At the same time, he determined that Hess could still perform light work limited by: (1) only occasional stooping, bending, crouching, crawling, kneeling and climbing; (2) a sit/stand option with opportunity to change every 30 mins; and (3) his being off-task up to 5% of workday. (AR 22.) While finding that Dr. Dunn's opinion was not deserving of significant weight, the ALJ placed great weight on the opinions of Drs. Foster and Chan. (AR 23-24.) Relying on the testimony of a vocational expert, the ALJ found that Hess was capable of performing his past work as actually and generally performed. (AR 25.)

OPINION

Hess argues that the ALJ (1) erred in failing to consider whether Dr. Dunn's opinion was entitled to controlling weight, and (2) did not expressly consider the relevant regulatory factors in weighing Dunn's opinion. 20 C.F.R. §§ 404.1527(c)(3)-(6), 416.927(c)(3)-(6) (listing medical and clinical support for opinion, consistency with evidence as whole and physician's specialty as factors to consider in weighing medical opinions); *Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) (treating physician's opinion entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence). The court disagrees.

The ALJ thoroughly summarized the medical records and found there was little in Dr. Dunn's treatment notes or Hess's other medical records to support the extreme limitations assessed by Dunn. Although the ALJ did not list the regulatory factors expressly, he discussed most of them in providing the following reasons for attributing Dr. Dunn's 2013 opinion little weight: (1) Dunn did so without having treated Hess for over two years, since 2011; (2) even in 2011, Dunn only mentioned Hess's history of back problems and did not examine Hess's back; (3) Dunn stated that his opinion was based on Hess's self-reports; (4) Hess admitted that no doctor has ever limited his lifting besides Dunn, who stated that Hess could not lift at all; and (5) Dunn is not an orthopedic specialist. The record supports all of the ALJ's stated reasons.

There are very few medical records that discuss Hess's back pain, and most only recount Hess's self-reported history. The only records involving Dr. Dunn are from 2011, and as mentioned, Dunn did not examine or treat plaintiff for his back pain during those visits or any time before issuing his opinion in 2013. Hess also tried some pain medication and had some chiropractic care and physical therapy, but he refused continued pain medication.

The ALJ reasonably found that the two-year lapse between Dr. Dunn's last visit with Hess and his opinion undercut the reliability of Dunn's opinion. Hess argues that an ALJ may consider a doctor's retrospective opinion, but that is not the issue in this case. The ALJ did not fault Dunn for offering a later opinion about Hess's condition based on information gleaned from an earlier period. The problem that the ALJ accurately noted was that Dr.

Dunn did not have any current (or even past) medical findings that supported his opinion about Hess's *current* condition.

The plaintiff criticizes the ALJ for stating that Dr. Dunn relied solely only on Hess's self-reports in reaching his opinion since Dunn also referred to Hess's 2009 MRI as a basis for his opinion, noting that it showed arthritis, spinal stenosis, and foramina stenosis. Given its timing, this was hardly an oversight on the ALJ's part, and even if it was, it was certainly not significant. First, neither Dr. Dunn nor any other medical source discussed how the conditions shown on the MRI affected Hess or supported significant work limitations for Hess. Second, the MRI results are not even part of the administrative record. Third, and most important, Hess was able to work full-time for *three* more years after this MRI without any work limitation, indicating that the conditions present at that time did not require the type of work-preclusive limitations suggested by Dr. Dunn years later.

Indeed, neither Hess nor Dr. Dunn explain why Hess would have such extreme limitations in 2012 but not in 2009. There also is no medical evidence indicating that Hess's condition worsened by February 2012. Not only were his x-rays and the April 2012 consultative exam were unremarkable, but Hess reported being able to sit, stand, and walk at 30 minute intervals, which is exactly what the ALJ limited him to in formulating his RFC assessment.

Dr. Dunn's opinion also is inconsistent with the later medical evidence. Hess continued chiropractic care and physical therapy after his claimed onset date in February 2012, but none of those records or providers comment on limitations in his ability to function. In fact, there is evidence that he was able to go hunting in the fall of 2012. While

Hess's treating providers, including Drs. Dunn and Draeger, appear to have relied primarily on Hess's self-reports, the ALJ gave good reasons for finding Hess not entirely credible, and Hess does not challenge them.

Finally, Hess criticizes the ALJ for noting that Dr. Dunn was a family practice physician rather than an orthopedic specialist, while at the same time crediting the opinions of the reviewing doctors who lacked any orthopedic credentials as well. However, the ALJ made this point in an effort to show that Dr. Dunn did not have any particular expertise in back problems, and therefore was not in any better position to offer an opinion on Hess's limitations than the consulting physicians. Perhaps the ALJ's critique of Dr. Dunn's specialty may have been a problem if it were the *only* reason he gave for discounting Dunn's opinion, but it plainly was not. As it is, the ALJ gave numerous other, well-founded reasons for not giving Dr. Dunn's opinion controlling weight. Accordingly,

ORDER

IT IS ORDERED that the decision of the Commissioner of Social Security, denying plaintiff Tom Hess' application for disability benefits, is SUMMARILY AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 21st day of December, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge